**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> vs. ) <br> ) <br> RICKY NUCKLES, ) <br> ) <br> Defendant. ) <br> _____ ) | Indictment No.: 14-CR-218-ODE-AJB <br><br> **SENTENCING MEMORANDUM** |

COMES NOW, the Defendant, Ricky Nuckles, by and through his attorneys of record, and files this memorandum in support of his sentencing position. Mr. Nuckles hereby moves this Honorable Court for a downward departure and/or a variance below his otherwise advisory guideline imprisonment range and in support of a reasonable sentence which is no greater than necessary to comply with the purposes of sentencing enumerated in 18 U.S.C. § 3553(a)(2).

## INTRODUCTION

The above-referenced indictment charged defendant Ricky Nuckles with one count of possession of cocaine with intent to distribute in violation of 21 § U.S.C. 841and one count of possession of a firearm in furtherance of a drug offense in violation of 18 U.S.C. § 924(c). Defendant Ricky Nuckles exercised his right to a jury trial and was found guilty on May 13, 2014. The offense conduct is set forth in the Presentence Investigation Report (hereinafter referred to as "PSR").

On July 16, 2015, counsel for defendant Nuckles received the final disclosed PSR. The probation officer calculated the defendant's total offense level at Level 34, with a criminal history category of I[1], resulting in a guideline sentencing range of 151-188 months. The PSR then adds an

---

[1] In the PSR, Probation calculated defendant Nuckles' criminal history as a II under "Part B: The Defendant's Criminal History" finding that he had two (2) criminal history points in Paragraph 39. However, under "Part D: Sentencing Options" his criminal history category is listed as a I and the guideline range is calculated accordingly. This discrepancy was not initially noticed by the Defendant. It must be noted that in determining the two criminal history points, Probation

additional 60 months to the guideline range for his conviction under 18 U.S.C. § 924(c), resulting in a final range of 211-248 months.

Defendant Nuckles does not agree with the guidelines as calculated by his PSR. First, he does not agree that he should be given an enhancement for obstruction pursuant to U.S.S.G § 3C1.1. Secondly, he believes he should receive a downward adjustment for his mitigating role in the offense pursuant to U.S.S.G §3B1.2. Lastly, defendant Nuckles respectfully requests that this Court consider a below-guideline variance based on the lack of evidence presented at his trial that he knew of the nature of the controlled substance and/or its quantity and based on Mr. Nuckles' personal history as indicated by his actions throughout his life and from the support from his family and community.

## **LEGAL ANALYSIS**

As this Court is fully aware, the United States Supreme Court made the sentencing guidelines advisory by invalidating the statutory provision that otherwise makes them mandatory (18 U.S.C. § 3553(b)) and severing the provision from the remainder of the statute. See United States vs. Booker, 543 U.S. 220 (2005).

The Court is directed to look to certain factors in determining a sentence under 18 U.S.C. § 3553(a). Some of those factors include the nature and circumstances of the offense, the history and characteristics of the defendant (18 U.S.C. § 3553(a)(1)), the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553 (a)(2)(A) and (B)), and the need to avoid unwarranted sentence disparities among similarly situated defendants (18 U.S.C. § 3553(a)(6)).

---

considered a DUI arrest from 1999 (under Paragraph 34). However, a conviction in 1999 would be 14 years prior to the instant offense and would be outside of the scope of consideration pursuant to U.S.S.G. § 4A1.2(e), which only looks back ten years on misdemeanor offenses. Therefore, the PSR is correct in the final calculation that defendant Nuckles' criminal history category is a I.

Case 1:14-cr-00218-ODE-AJB   Document 75   Filed 08/19/15   Page 3 of 8

A.  <u>An Enhancement for Obstruction under U.S.S.G. § 3C1.1 Should Not be Applied.</u>

The initial PSR did not include the enhancement for obstruction pursuant to U.S.S.G. § 3C1.1. The government objected that it was not included and the final PSR adopted their objection. Defendant Nuckles strongly objects to the inclusion of this enhancement. The government cites the suspected "tossing" of defendant Nuckles' cell phone prior to arrest as the alleged act of obstruction. However, there was no evidence presented at trial aside from speculation as to whether or not defendant Nuckles tossed a cell phone. The suspected cell phone was never found and the government's own witnesses testified that they did not even attempt to search for it in the gas station until a few days later. Pursuant to the Application Notes under 3C1.1:

 (D)  destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding (e.g., shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence), or attempting to do so; however, if such conduct occurred contemporaneously with arrest (e.g., attempting to swallow or throw away a controlled substance), **it shall not, standing alone, be sufficient to warrant an adjustment for obstruction unless it resulted in a material hindrance** to the official investigation or prosecution of the instant offense or the sentencing of the offender.

18 USCS Appx § 3C1.1.

The government speculates that the defendant concealed a cell phone, they further speculate that if he did toss the cell phone that it might have had material information contained therein, they further speculate that the information may have hindered some part of the investigation. None of their speculations are sufficiently substantiated by actual evidence as to constitute an enhancement under the guidelines. The government relies upon the case <u>United States v. Revel</u>, 971 F.2d 656 (11th Cir. 1992), in which the defendant attempted to destroy a recording device that was being worn by a cooperating witness. That case is inapplicable here because the trial court in <u>Revel</u> could make a

---

SENTENCING MEMORANDUM

finding on the record regarding exactly what the defendant did and what material evidence the defendant attempted to destroy. That specific information does not exist in this case.

Moreover, upon the government's main witness, Agent Connolly's, own admissions at trial, he made no attempt to ascertain the identity of the individual who delivered the contraband to the defendant. Agent Connolly also testified that no further investigative actions were taken against defendant Nuckles such as effectuating search warrants or seeking out corroborating witnesses. The government cannot on one hand rely on law enforcement who made no effort to investigate the case further and on the other hand claim that defendant Nuckles somehow hindered an investigation that did not exist.

Therefore, the two-level enhancement for obstruction of justice should not be applied in determining the appropriate guideline range for defendant Nuckles.

B.  A Downward Adjustment for Defendant Nuckles' Mitigating Role Should be Applied.

Defendant Nuckles also believes that he should be given a two-level or four-level downward adjustment for his minor or minimal role in the offense. The only evidence that was presented at trial was to place defendant Nuckles in the position as a mere courier of the cocaine. No evidence was shown that he had any knowledge of a larger drug conspiracy, that he had any plan or means to distribute the drugs or that he was to gain any significant compensation from his role in the scheme. Mere couriers have been found to be in an appropriate position to receive a mitigating role departure. See United States v. Fernandez, 312 F. Supp. 2d 522 (S.D.N.Y. 2004).

Therefore, defendant Nuckles respectfully requests that a two or four-level downward adjustment be applied to determine his appropriate guideline range.

### C. 18 U.S.C. § 3553(a)(1): The Nature and Circumstances of the Offense

As this Court presided over the trial of this case, a complete recitation of the facts and circumstances surrounding the offense is not necessary. In short version, an unknown man placed a piece of luggage into the back of defendant Nuckles vehicle and that piece of luggage contained a substantial amount of cocaine. Defendant Nuckles was cooperative and maintained throughout that he was not aware of the luggage or its contents. Nothing was presented at trial that indicated any specific awareness of the contents of the suitcase; no admissions were made, no witnesses testified as to their personal knowledge of defendant Nuckles as a drug dealer, no evidence to show any future plans for the contraband or that he had done this before. Despite all of that, the jury did find that he had intent based on the totality of the circumstances in the case, which was all circumstantial in nature.

As stated above, although the amount of cocaine was substantial in this case, no evidence was presented that put defendant Nuckles in any position above that of a mere courier.

### D. 18 U.S.C. § 3553(a)(1): The History and Characteristics of Defendant Nuckles

Some of defendant Nuckles background and history is contained in the PSR. Ricky Nuckles is an Atlanta native and has remained throughout his life. He has been married to his wife, India, since 2008 and has three children. He is extremely devoted to his family, his friends and his Church, as evidenced in the letters of support that have been provided to the Court. Ricky's son has had substantial success playing youth and high school football and Ricky has been dedicated to helping his son achieve his dreams of a College football scholarship. That dedication has led him from being a youth football coach to traveling around the Country with his son for camps, training, and other activities. Ricky even made sure that his son was enrolled at the right school to give his son every opportunity for success.

His dedication to his family does not end with his son. Ricky's wife was diagnosed with multiple sclerosis and her health has been declining rapidly. She has had her good days and her bad days and Ricky has always been there to care for her and his children when she was unable. He has acted as the rock of the family and has kept everyone together and to provide for them financially through his businesses and investments.

In addition to his dedication to his family, Ricky has always worked diligently in business. He started his first business with his father in 1997, Rick and Rick Auto Sales, fixing up cars and brokering automotive sales. He worked in this business with his father until his father passed away in 2013. In addition to fixing up cars, he fixed up houses under his other business, GPS Construction. He would buy and renovate houses, selling some and renting out others for income. He managed and employed number of independent contractors under this business. He developed a reputation as an honest and hard-working businessman as evidenced by some of the letters of support sent by his colleagues which have been provided to the Court.

We ask this Court pursuant to 18 U.S.C. § 3553(a) to consider his life as a whole and the impact that he has had on his family, his Church, his friends and his colleagues when determining his appropriate sentence.

E.  **Defendant Nuckles Ability to Pay a Fine**

Defendant Nuckles submits that the PSR fails to take into account any of his monthly expenses as was provided to probation. That with his monthly expenses and debt incurred through credit cards and medical expenses for his wife, he is unable to pay a fine.

## CONCLUSION

Based on the above, defendant Nuckles respectfully requests that this Court not impose an enhancement for obstruction, apply a downward adjustment for his mitigating role, and consider a below-guidelines sentence in his case.

Respectfully submitted,

s/Drew Findling_____
Drew Findling
Georgia Bar No. 260425

s/Marissa Goldberg_____
Marissa Goldberg
Georgia Bar No. 672798

The Findling Law Firm
One Securities Centre
3490 Piedmont Road
Suite 600
Atlanta, Georgia 30305
404.460.4500

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

STATE OF GEORGIA,           )  Indictment No.: 14-CR-218-ODE-AJB
                            )
      vs.                   )
                            )
RICKY NUCKLES,              )
                            )
      Defendant.            )
_____)

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party in the foregoing matter with a copy of the within and foregoing Motion:

SENTENCING MEMORANDUM

By electronic service:

    Trevor Wilmot
    U.S. Attorney's Office - ATL
    600 Richard Russell Building
    75 Spring Street, S.W.
    Atlanta, GA 30303
    404-581-6305

This 19th day of August, 2015

                                            Respectfully Submitted,

                                            s/Drew Findling_____
                                            Drew Findling
                                            Georgia Bar No. 260425