# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **RICKY NUCKLES,** | : | **MOTION TO VACATE** |
| **BOP Reg. # 66097-019,** | : | **28 U.S.C. § 2255** |
| Movant, | : | |
| | : | **CRIMINAL ACTION NO.** |
| v. | : | **1:14-CR-218-ODE-AJB-1** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:17-CV-2986-ODE-AJB** |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant, Ricky Nuckles, represented by counsel, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. [Doc. 98.]¹ The Government filed a response in opposition, [Doc. 103], and Movant filed a reply, [Doc. 104]. For the reasons discussed below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

**I.    28 U.S.C. § 2255 Standard**

A motion to vacate, set aside, or correct a sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of

---

¹     Citations to the record in this Final Report and Recommendation refer to case number 1:14-cr-218-ODE-AJB-1.

the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[2]). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

2

contradicted by the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

In the present case, the undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record conclusively show that Movant is entitled to no relief.

**II.      Discussion**

On May 13, 2015, a jury found Movant guilty of (1) possession of at least five kilograms of cocaine with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii)(II), and (2) possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i). [*See* Docs. 1, 63.]  On August 26, 2015, the District Court filed the Judgment and Commitment, sentencing Movant to 211 months of imprisonment, followed by five years of supervised release.  [Doc. 82.]

On appeal, Movant challenged "the sufficiency of the evidence, the denial of his motion for a mistrial and to strike a surveillance video recording from evidence, and the enhancement of his sentence for obstruction of justice." *United States v. Nuckles*, 649 Fed. Appx. 834, 835 (11th Cir. May 11, 2016) (per curiam).

3

[Doc. 91 at 2.]  The United States Court of Appeals for the Eleventh Circuit affirmed.  *Id.*  [*Id.*]

In his § 2255 motion, timely filed on August 8, 2017, Movant raises the following grounds for relief:

1. Trial counsel provided ineffective assistance by failing to renew the defense's motion for judgment of acquittal after the jury found Movant guilty.

2. Trial counsel provided ineffective assistance by failing to "obtain a forensic video expert to analyze the video surveillance evidence."

3. Trial and appellate counsel provided ineffective assistance by failing to properly challenge the firearm charge.

4. Trial counsel provided ineffective assistance by failing to "properly argue against the enhancement for obstruction of justice."

[Doc. 98 at 4-9; Doc. 98-1 at 5-18.]

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."  *Massaro v. United States*, 538 U.S. 500, 509 (2003).  To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  As

4

to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697. The *Strickland* standard also applies to claims of ineffective assistance of appellate counsel. *See Smith v. Robbins*, 528 U.S. 259, 285-89 (2000).

### A.    Ground One

Movant claims that trial counsel provided ineffective assistance by failing to renew the defense's motion for judgment of acquittal after the jury found Movant guilty. [Doc. 98 at 4-5; Doc. 98-1 at 5-8.] Because of trial counsel's failure to renew, Movant could not obtain de novo review of the sufficiency of the evidence against him. Movant asserts that "there is a reasonable probability that the Eleventh Circuit would have reversed [his] convictions" under de novo review, in which

5

(1) the court "view[s] the evidence in the light most favorable to the government," and (2) "[i]f the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, then a reasonable jury must necessarily entertain a reasonable doubt." [Doc. 98-1 at 7-8 (quoting *United States v. Louis*, 861 F.3d 1330, 1333 (11th Cir. 2017) (citations omitted)).]

The Eleventh Circuit reviewed the sufficiency of the evidence against Movant under the lower standard of "a manifest miscarriage of justice," in which (1) a conviction is affirmed "unless the evidence on a key element of the offense is so tenuous that [the] conviction [is] shocking," (2) "[d]irect and circumstantial evidence are given equal weight," and (3) "[w]here the government relies on circumstantial evidence, reasonable inferences . . . must support the jury's verdict." *Nuckles*, 649 Fed. Appx. at 835-36 (citations omitted). [Doc. 91 at 2.] The Eleventh Circuit reached the following conclusions:

> Sufficient evidence supports [Movant's] conviction for possessing cocaine with the intent to distribute. . . . While Michael Connolly, an agent of the Drug Enforcement Agency [(DEA)], was at a Valero gas station, he saw a man transfer a bulky suitcase from his sedan to the back seat of [Movant's] Ford Taurus. Connolly suspected that the transaction involved drugs because the Taurus was parked oddly with its gas lid facing away from the fuel pump; the man parked the sedan on the opposite side of the fuel pump and moved the suitcase swiftly; the man found the trunk locked, but glanced toward the

6

convenience store and the tail lights of the Taurus then "flashed" consistent with the trunk being unlocked remotely; and after the man drove away, the tail lights of the Taurus illuminated a second time. Connolly met [Movant] at his car and asked him about the suitcase. [Movant] acted "visibly nervous" and evasive, refused to look inside his car, denied ownership of the suitcase, asserted that he had been "inside the gas station," and returned to the convenience store. [Movant's] response to Connolly "evidenc[ed] a consciousness of guilt." . . . [Movant] returned approximately one minute later and consented for Connolly to search the Taurus, and Connolly opened the suitcase to discover $750,000 of cocaine that had been packaged to distribute in kilogram and half-kilogram quantities. . . . And a reasonable jury could have found that [Movant] exercised dominion over the drugs that were placed in his car. . . . Still photographs corroborated Connolly's testimony that the car was unlocked and relocked remotely to facilitate the delivery.

Sufficient evidence also proves that [Movant] possessed a firearm in furtherance of his drug offense. . . . [Movant] admitted that he had a gun in his car. And a detective who assisted Connolly found a loaded firearm and a magazine full of ammunition in the pocket of the driver's side door. Based on [Movant's] ready accessibility to the firearm, a jury reasonably could have inferred that [Movant] possessed the firearm to safeguard the cocaine.

*Id.* at 836 (citations omitted). [*Id.* at 3-4.]

If trial counsel had renewed the defense's motion for judgment of acquittal and thus preserved de novo review, the evidence against Movant would have to give "equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence . . . ." *Louis*, 861 F.3d at 1333. However, nothing in the Eleventh Circuit's opinion suggests that the evidence was equally divided between theories

of guilt and innocence. Therefore, Movant fails to show a reasonable probability that the Eleventh Circuit would have reversed his convictions if trial counsel had preserved de novo review by renewing the defense's motion for judgment of acquittal. [Doc. 103 at 16-21.]

### B. Ground Two

Movant claims that trial counsel provided ineffective assistance by failing to "obtain a forensic video expert to analyze the video surveillance evidence." [Doc. 98 at 5-6; Doc. 98-1 at 8-11.] The video, which was played at trial, concerns the following two factual issues: (1) the illumination of the tail lights of Movant's car, and (2) the disposal of Movant's cell phone.

The Eleventh Circuit explained that the video "did not depict that [Movant's] Taurus's tail lights illuminated as the courier walked from its trunk to the rear door . . . ." *Nuckles*, 649 Fed. Appx. at 836. [Doc. 91 at 4.] Connolly, the DEA agent, testified that the video froze for about two and one-half seconds, failing to record the illumination of the tail lights. [Doc. 98-1 at 10.] The Eleventh Circuit determined the following:

> [Movant] cannot prove that his ability to mount a defense was compromised by admission of the videotape, which he used to impeach Connolly and reveal that he had failed to mention the illumination of the tail lights in his written report of the incident, in a summary that he prepared of the surveillance video recording, or

8

> during a pre-trial hearing. Moreover, we cannot say that [Movant] was prejudiced by the omission in the videotape when he allowed the government, without objection, to introduce still photographs bearing date and time stamps that showed [Movant's] tail lights illuminate before and after the courier transferred the suitcase to [Movant's] car.

*Id.* at 836-37. [Doc. 91 at 4-5.] The Eleventh Circuit discussed the disposal of Movant's cell phone as follows:

> The [video] recordings show that [Movant] used a cellular telephone after he arrived at the gas station, while he waited inside the convenience store for the suitcase, and when he exited the convenience store; that after Connolly confronted him, [Movant] returned to the convenience store and tossed an object under a countertop; and that neither Connolly nor a second officer who patted [Movant] down discovered a cellular telephone in [his] belongings. The district court was entitled to conclude that [Movant] willfully disposed of his cellular telephone to frustrate an imminent investigation and that he obstructed the investigation by destroying evidence connected to the cocaine and its distribution.

*Id.* at 837. [*Id.* at 5-6.]

The presentation of testimonial evidence is a matter of trial strategy. *Strickland* affords trial counsel a "strong presumption" that counsel pursued "sound trial strategy." *Strickland*, 466 U.S. at 689.

> [C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative. . . . The mere fact that other witnesses might have been available . . . is not a sufficient ground to prove ineffectiveness of counsel.

9

*Rizo v. United States*, 446 Fed. Appx. 264, 265-66 (11th Cir. Nov. 15, 2011) (per curiam) (citations and internal quotation marks omitted). Movant fails to (1) overcome the strong presumption favoring trial counsel, and (2) show a reasonable probability of a different outcome if trial counsel had obtained an expert witness. [Doc. 103 at 22-26.]

### C. Ground Three

Movant claims that trial and appellate counsel provided ineffective assistance by failing to properly challenge the firearm charge. [Doc. 98 at 6-8; Doc. 98-1 at 12-16.] Movant contends that trial counsel should have (1) "focus[ed] on" the jury's questions regarding the meaning of "possession of a firearm in furtherance of a drug trafficking offense," and (2) sought a supplemental instruction on the words "in furtherance." [Doc. 98-1 at 15.] As the Government correctly points out, trial counsel agreed with the District Court's use of a pattern jury instruction to charge the jury and response to its questions. [Doc. 103 at 27-28.] Therefore, Movant fails to show that trial counsel performed deficiently and that he was prejudiced.

Movant also contends that appellate counsel should have petitioned the Eleventh Circuit for a rehearing on its determination that Movant had "ready accessibility to the firearm." [Doc. 98-1 at 15-16.] However, as the Government

explains, the Eleventh Circuit was correct because Movant was in a position to access the firearm while the drug trafficking offense was being committed. [Doc. 103 at 29-30.]  Movant fails to show that appellate counsel performed deficiently and that he was prejudiced.

### D. Ground Four

Movant claims that trial counsel provided ineffective assistance by failing to "properly argue against the enhancement for obstruction of justice." [Doc. 98 at 8-9; Doc. 98-1 at 16-18.]  The enhancement was based on Movant's disposal of his cell phone.  As the Eleventh Circuit explained, "[a] district court may increase a defendant's offense level by two levels [for obstruction of justice] if he impeded the investigation or concealed evidence relevant to his offense of conviction. United States Sentencing Guidelines Manual § 3C1.1 & cmt. n.4(D) (Nov. 2014)." *Nuckles*, 649 Fed. Appx. at 837.  [Doc. 91 at 5.]

Movant contends that trial counsel should have argued that (1) there was no investigation when Movant discarded the cell phone, and (2) the cell phone did not contain material evidence.  [Doc. 98-1 at 17.]  However, as the Government correctly points out, (1) the District Court found that Connolly initiated an investigation before Movant discarded his cell phone, and (2) trial counsel in fact argued that the cell phone did not contain material evidence.  [Doc. 103 at 30-32.]

11

Therefore, Movant fails to show that trial counsel performed deficiently and that he was prejudiced.

Accordingly, Movant should be denied § 2255 relief as to grounds one through four.

### III.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a

12

> valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

### IV.   Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that the § 2255 motion, [Doc. 98], be **DENIED**, a COA be **DENIED**, and civil action number 1:17-cv-2986-ODE-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.


**IT IS SO RECOMMENDED AND DIRECTED**, this 12th day of June, 2020.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE