FILED IN CHAMBERS
U.S.D.C. - Atlanta

JUL 27 2020

James N. Hatten, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY NUCKLES,<br>　　Movant, | : <br> : <br> : | CRIMINAL ACTION NO.<br>1:14-CR-0218-ODE |
| v. | : <br> : | |
| UNITED STATES OF AMERICA,<br>　　Respondent. | : <br> : <br> : | CIVIL ACTION NO.<br>1:17-CV-2986-ODE |

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R), [Doc. 105], recommending that the instant 28 U.S.C. § 2255 motion to vacate, [Doc. 98], be denied. Movant has filed his objections in response to the R&R. [Doc. 107].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

AO 72A
(Rev.8/82)

Movant was convicted in this Court on May 13, 2015, after a jury found him guilty of possession of at least five kilograms of cocaine with the intent to distribute and of possession of a firearm in furtherance of a drug trafficking offense. 21 U.S.C. § 841; 18 U.S.C. § 924. This Court sentenced Movant to 211 months of imprisonment to be followed by five years of supervised release. [Doc. 82]. Movant appealed and the Eleventh Circuit affirmed. United States v. Nuckles, 649 Fed. Appx. 834, 835 (11th Cir. 2016). The instant § 2255 motion followed.

Because it is relevant to the discussion below, this Court recites the facts of Movant's crimes as found by the Eleventh Circuit on appeal:

> While Michael Connolly, an agent of the Drug Enforcement Agency, was at a Valero gas station, he saw a man transfer a bulky suitcase from his sedan to the back seat of [Movant]'s Ford Taurus. Connolly suspected that the transaction involved drugs because the Taurus was parked oddly with its gas lid facing away from the fuel pump; the man parked the sedan on the opposite side of the fuel pump and moved the suitcase swiftly; the man found the trunk locked, but glanced toward the convenience store and the tail lights of the Taurus then "flashed" consistent with the trunk being unlocked remotely; and after the man drove away, the tail lights of the Taurus illuminated a second time. Connolly met [Movant] at his car and asked him about the suitcase. [Movant] acted "visibly nervous" and evasive, refused to look inside his car, denied ownership of the suitcase, asserted that he had been "inside the gas station," and returned to the convenience store. . . . [Movant] returned approximately one minute later and consented for Connolly to search the Taurus, and Connolly opened the suitcase to discover $750,000 of cocaine that had been packaged to distribute in kilogram and half-kilogram quantities. . . . Still photographs corroborated Connolly's

2

>testimony that the car was unlocked and relocked remotely to facilitate the delivery.
>
>Sufficient evidence also proves that [Movant] possessed a firearm in furtherance of his drug offense. [Movant] admitted that he had a gun in his car. And a detective who assisted Connolly found a loaded firearm and a magazine full of ammunition in the pocket of the driver's side door. Based on [Movant]'s ready accessibility to the firearm, a jury reasonably could have inferred that [Movant] possessed the firearm to safeguard the cocaine.

Nuckles, 649 Fed. Appx. at 836 (citations omitted).

In his § 2255 motion, Movant raises four claims of ineffective assistance of counsel. In the R&R, the Magistrate Judge concluded that Movant is not entitled to relief. In his Ground 1, Movant contends that trial counsel was ineffective for failing to renew his Rule 29 motion for acquittal after the jury's verdict. According to Movant, if trial counsel had renewed that motion, the Eleventh Circuit, in reviewing the sufficiency of the evidence, would have applied a *de novo* standard rather than the "manifest miscarriage of justice" standard that it ultimately applied. See Id. at 835-36. The Magistrate Judge concluded that Movant could not establish prejudice under Strickland v. Washington, 466 U.S. 668 (1984), because it is clear that, under either standard, the Eleventh Circuit would have affirmed Movant's conviction.

In his objections, Movant contends that the Magistrate Judge erred and points to United States v. Louis, 861 F.3d 1330 (11th Cir. 2017), in which the Eleventh

3

Circuit reversed the defendant's conviction for possession with intent because, according to the court, the evidence was not sufficient to support a finding by the jury that the defendant, Louis, knew he had drugs in the car that he was driving. Movant asserts that the facts of Louis are materially identical to the facts of this case. This Court disagrees. In Louis,

> Customs and Border Protection [had] received a tip that the *Ana Cecilia*, a coastal freighter used to export goods from the United States to Haiti, was returning from Haiti to Miami carrying narcotics. When the boat arrived Customs agents boarded the vessel and searched for narcotics for four days. None were found. At one point during the search, Louis, an employee of Ernso Borgella, the owner of the *Ana Cecilia*, brought the confined crew members food. Following the unsuccessful search, Customs set up surveillance of the *Ana Cecilia*.
>
> During the surveillance, an agent observed the deck watchman go inside the ship and come out carrying two large cardboard boxes. Agents later watched as a forklift picked up two boxes and drove them off the *Ana Cecilia*. Borgella was following the forklift and speaking to its driver, who placed the two boxes on the dock where an unidentified man covered them with a tarp. Later on, Borgella directed a white Nissan to park near the boxes and then reached inside the passenger rear seat and opened the door. Two unidentified men then loaded the boxes into the back seat of a white Nissan. Louis then began to slowly drive the Nissan to the front of the shipyard, while Borgella walked alongside it. Once outside the front gate of the shipyard, the Nissan was stopped by unmarked law enforcement vehicles with lights and sirens. Louis then exited the car and began to run. One of the agents pursued Louis, but lost sight of him in the shipyard. The agents found Borgella and detained him. The agents searched the Nissan and found two sealed boxes in the back seat containing 111 bricks of cocaine.

Id. at 1332 (footnotes omitted).

In concluding that there was insufficient evidence to support Louis' conviction, the Eleventh Circuit cited to United States v. Ohayon, 483 F.3d 1281, 1291 (11th Cir. 2007) for the proposition that "[a] defendant who is unaware that he is in the process of possessing the drugs that are the object of the conspiracy is not, by any stretch of the imagination, aware of the essential nature of the conspiracy," and concluded that, because the Government did not produce any evidence that Louis was aware that there were drugs in the boxes, the jury had no basis to find that knowledge. Louis, 861 F.3d at 1333.

This Court finds that the facts of Louis are clearly distinguishable. Louis, who worked on the ship and for Borgella—and who had been tasked to buy food for the crew—was clearly a low-level employee who could have been simply following orders without knowing what was in the boxes. The Eleventh Circuit discounted applying the "entrustment theory, which attempts to imply knowledge when there is evidence of a high quantity of drugs because a "prudent smuggler" is not likely to entrust such valuable cargo to an innocent person without that person's knowledge," because Louis was only briefly with the drugs and Borgella was standing next to him outside the car the entire time. Id. at 1334 (quotations and citation omitted). Here, it is evident that the drugs were delivered to Movant alone, and there was clear evidence that Movant was aware that something was being placed in his car because he

5

unlocked his car for his confederate from inside the convenience store. In this case, the entrustment theory applies, see United States v. Quilca-Carpio, 118 F.3d 719, 722 (11th Cir. 1997), as no prudent drug dealer would place $750,000 worth of product into a car and then leave without a word when the owner of the car did not know what he was receiving. In response to Movant's contention that he never possessed the drugs because he did not enter the car after the drugs had been placed therein, the jury could reasonably find that, by unlocking the door for his confederate and then relocking it, Movant exercised dominion over the drugs. This Court thus agrees that Movant is not entitled to relief with respect to his Ground 1.

In his Ground 2, Movant contends that his trial counsel was ineffective because he failed to obtain a forensic video expert to analyze the video surveillance evidence. Two videos from the gas station were played at Movant's trial. One showed what happened outside with Movant's car and the other showed what happened inside the convenience store. The video of Movant's car did not show that the tail lights flashed as Agent Connolly testified. Agent Connolly explained this by testifying that the video "freezes for about two and a half second[s]." [Doc. 70 at 90]. As to the video from inside the store, it showed that Movant discarded his cell phone in the store, which served as the basis for a two-level enhancement under the Sentencing Guidelines for obstruction.

AO 72A
(Rev.8/82)

According to Movant, a forensic video expert could have analyzed both videos to determine whether the outside video really froze and to cast doubt on whether the inside video showed that Movant discarded his cell phone. In concluding that Movant had failed to overcome the presumption that trial counsel's decision not to call a video expert to testify was sound trial strategy, the Magistrate Judge quoted the following passage from Rizo v. United States, 446 Fed. Appx. 264, 265-66 (11th Cir. 2011):

> [C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative. . . . The mere fact that other witnesses might have been available . . . is not a sufficient ground to prove ineffectiveness of counsel.

Id. (citations and internal quotation marks omitted).

In his objections, Movant contends that the Magistrate Judge cannot base his conclusion on sound trial strategy because there is no evidence in the record to support a finding that trial counsel made a strategic decision not to call an expert witness, and he contends that he is entitled, at least, to a hearing so that he can ask trial counsel why he did not call an expert to testify. This Court would be more swayed by Movant's argument, however, if there was any indication in the record that an expert would have provided testimony that would have been helpful to Movant. Movant does not present an expert's report or affidavit, and anything that an expert would

7

have testified to is pure speculation. See Lovett v. Florida, 627 F.2d 706, 709-10 (5th Cir.1980) (rejecting claim of ineffective assistance of counsel based on failure to obtain expert witness regarding handwriting analysis where petitioner failed to establish that the desired expert analysis would be exculpatory). As Movant failed to show that an expert would have provided exculpatory testimony, he cannot demonstrate prejudice under Strickland, and he is thus not entitled to relief as to his Ground 2.

In his Ground 3, Movant raises a variety of arguments regarding the manner in which his trial and appellate counsel failed to properly challenge the firearm charge. During deliberations, the jury had trouble understanding the instruction regarding the firearm count, and Movant contends that trial counsel should have argued that there was insufficient evidence of a nexus between the crime and the firearm and should have sought an instruction that the mere presence of the firearm does not prove that it was used in furtherance of the drug crime. Movant further argues that appellate counsel should have appealed the firearm charge on the basis that the only time that Movant had ready access to the gun was before the drug transaction. While the drug transaction took place, Movant was inside the convenience store and away from the gun, and he never re-entered the vehicle.

AO 72A
(Rev.8/82)

In his objections, Movant contends that the Magistrate Judge did not properly address his arguments. However, whether the Magistrate Judge properly addressed Movant's arguments is of no moment, because it is clear that the evidence presented at the trial was more than sufficient to support his conviction under 18 U.S.C. § 924(c)(1)(A). That section of the Code makes it a crime to "use[] or carr[y] a firearm" "in relation to any crime of violence or drug trafficking crime." As noted above, in searching Movant's car, the police found a loaded gun and a magazine full of ammunition in the pocket of the driver's side door.

Movant relies on a discussion in United States v. Timmons, 283 F.3d 1246, 1252 (11th Cir. 2002), in which the Eleventh Circuit states that the plain meaning of § 924(c)(1)(A) "dictates that the presence of a gun within the defendant's dominion and control during a drug trafficking offense is not sufficient by itself to sustain a § 924(c) conviction. . . . [T]here must be a showing of some nexus between the firearm and the drug selling operation." (citation and quotation omitted). However that discussion related to the part of § 924(c) which makes it a crime to "possess" a firearm "in furtherance" of a drug crime. The importance of that distinction is revealed in the Eleventh Circuit's earlier discussion in Timmons regarding the "use

9

AO 72A
(Rev.8/82)

or carry" language in § 924(c) which does not include the "in furtherance of" element:[1]

> The Supreme Count in Muscarello[ v. United States, 524 U.S. 125 (1998),] adopted the primary meaning for the word "carry," defining it as to "convey, originally by cart or wagon, hence in any vehicle, by ship, on horseback, etc." [Id. at 128]. The Muscarello Court ultimately held that "[g]iven the ordinary meaning of the word 'carry,' it is not surprising to find that the Federal Courts of Appeals have unanimously concluded that 'carry' is not limited to the carrying of weapons directly on the person but can include their carriage in a car." Id. at 131 (citations omitted). See also United States v. Wilson, 183 F.3d 1291, 1295 (11th Cir.1999) (finding a firearm on the dashboard of the vehicle in which the defendant was apprehended sufficient to support a finding that the defendant was "carrying" a firearm); United States v. Range, 94 F.3d 614, 618 (11th Cir.1996) (finding that the firearm under the floor mat of the car the defendant drove to the site of a drug transaction was sufficient to support a jury verdict that defendant was "carrying" a firearm).

Timmons, 283 F.3d at 1250.

It is thus clear that the evidence at Movant's trial fully supported the jury's finding that he carried a firearm in relation to a drug crime, and that, despite Movant's argument to the contrary, the "in furtherance" element of § 924(c)(1)(A) does not apply to Movant's case. As a result, Movant cannot demonstrate that his trial or

---

[1] To find a defendant guilty under the "use or carry" portion of § 924(c)(1)(A), the jury must also find that the use or carriage was "in relation" to a drug crime. The Eleventh Circuit has held, however, that a finding that the defendant "carried" the firearm to a drug deal, United States v. Diaz-Boyzo, 432 F.3d 1264, 1271 (11th Cir. 2005), or that the firearm was in close proximity to the drugs, United States v. Tyler, 213 Fed. Appx. 902, 906 (11th Cir. 2007)—both of which apply in this case—satisfies the "in relation" element.

10

appellate counsel was deficient for failing to more fully challenge the § 924(c)(1)(A) conviction, and he cannot demonstrate that counsels' purported failures prejudiced him.

Movant's Ground 4 concerns his sentencing enhancement for obstruction because he discarded his cell phone inside the convenience store. In his motion, Movant's claim is that his trial counsel's argument regarding the sentencing enhancement was "weak and borderline frivolous." However, he dedicates most of his discussion, both in the motion and in his objections, to arguing that the obstruction enhancement was improper because (1) there was no "official investigation" underway when he discarded the phone, and (2) it was only speculation that the phone had material evidence on it. He does not, however, point out how his trial counsel's arguments were deficient.

A review of the transcript from Movant's sentencing hearing demonstrates that Movant's trial counsel argued—at length—that there was no investigation underway at the time that Movant disposed of the cell phone, [Doc. 86 at 5-6], and that the Government could not show that the cell phone was material evidence because it was never recovered, [id. at 6-7]. Trial counsel also argued that the Government had not proved that the cell phone even existed. [Id. at 5]. While Movant may disagree with this Court's and the Eleventh Circuit's, see Nuckles, 649 Fed. Appx. at 837, rulings

11

that the sentencing enhancement for obstruction was proper, he cannot challenge those rulings under the guise of an entirely conclusory claim of ineffective assistance. As such, this Court agrees with the Magistrate Judge that Movant is not entitled to relief with respect to his Ground 4.

Having reviewed the R&R in light of Movant's objections, this Court holds that the Magistrate Judge's findings and conclusions are correct. Accordingly, the R&R, [Doc. 105], as enhanced by the above discussion, is hereby **ADOPTED** as the order of this Court, and the motion to vacate brought pursuant to 28 U.S.C. § 2255, [Doc. 98], is **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:17-CV-2986-ODE.

This Court further agrees with the Magistrate Judge that Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this ___27___ day of July, 2020.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)